139 So. 768'

**MORTGAGE INVESTMENT CO., Inc., v. NATAL.**
No. 30978.

Feb. 1, 1932.

Rittenberg & Rittenberg, of New Orleans, for appellant.

Alex W. Swords, of New Orleans, for appellee.

ST. PAUL, J.

On April 30, 1930, plaintiff sued defendant as indorser on a promissory note for $6,000 due November 29, 1928, and asked for judgment thereon for $4,500, with interest from October 19, 1929; alleging that "$1500.00 has been paid on the note, and the interest up to Oct. 19th, 1929."

On June 17th defendant filed his answer, setting up that upon the maturity of said note plaintiff granted additional time to the maker thereof without the consent of defendant, "as appears from the note sued upon and the allegations of plaintiff's petition." But the note sued upon bears no indorsement subsequent to its date, and this answer must therefore be taken as if it read merely "as appears from the allegations of plaintiff's petition."

**I.**

The case was then fixed for trial "on the merits" for June 30th, and again for August 4th, on which day defendant filed a supplemental answer, reiterating the aforesaid allegation of his original answer, and pleading

that *for the reason thus assigned* the petition showed no cause of action.

The minutes of the court for August 4th recite that the case came up "on exception as regularly assigned," and that "after hearing the *argument of counsel* and upon the case being submitted, the court maintained the exception of no cause of action."

The minutes of November 5th recite that "the exception herein filed by defendant on the 4th day of August, 1930 came on *this day* for trial; when after hearing the pleadings, *evidence* and argument of counsel, the court considering that the exception of no cause of action is well founded for the reasons orally assigned, it is ordered that the *said exception of no cause of action* be maintained and accordingly that plaintiff's demand be rejected at its cost." (All italics ours.)

The original judgment in the record accords exactly with the foregoing last minute entry, *except* that it recites that the judgment was *rendered on August 4th*, and *signed* on November 5th.

## II.

Naturally, with this confused record, counsel do not agree as to exactly what occurred. But we take the record as we find it. Whether or not *evidence* was heard or offered, the trial judge did not act upon it, for he ruled that "said exception of no cause of action be maintained"; which "said exception," as appears above, was based on the assumption that the petition alleged that interest *beyond maturity* was paid and accepted by plaintiff *before maturity*.

But the petition does not so allege; it alleges merely that the interest beyond matu-rity was paid and accepted at some time before the filing of the suit, which therefore might have been paid and accepted only *after* it had accrued; and, of course, mere acceptance of part payment on a debt actually accrued discharges a surety only pro tanto and not for the whole.

### Decree.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the defendant's exception of no cause of action be overruled, and the case remanded to the court a qua for further proceedings according to law; defendant to pay the costs of this appeal and all other costs to await the final result.